**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  14-cv-00323-REB-KLM

COMPLIANCE SOLUTIONS OCCUPATIONAL TRAINERS, INC., a Colorado
corporation,

      Plaintiff,

v.

SAFETY HELPERS, LLC, DELINQUENT APRIL 1, 2012, a Colorado limited liability
company, and
KYLE KNEBEL, an individual,

      Defendants.

---

**ORDER**

---

**Blackburn, J.**

    This matter comes before me on **Plaintiff's Motion for Contempt** [#24],[1] filed

April 10, 2014.  Plaintiff seeks to have me find defendants in contempt of the

**Order** [#231], filed February 28, 2014, granting the parties' stipulation regarding use by

defendants of the trademark-in-suit.  Although neither party has requested a hearing,

caselaw clearly provides that a civil contempt may not be imposed without one.  I

therefore set this matter for hearing.

    "Civil contempts provide a remedy for a party who has been injured by the

violation of a court order."  ***Hyde Construction Co. v. Koehring Co.***, 388 F.2d 501,

511 (10th Cir.), ***cert. denied***, 88 S.Ct. 1654 (1968).  Unlike criminal contempt, which

seeks to punish a party for past acts, civil contempt is remedial in nature and seeks to

---

[1] "[#24]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

compel compliance with a court order for the benefit of the complainant. *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827-28, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994); *Home Design Services, Inc. v. B & B Custom Homes, LLC*, 2008 WL 927683 at *2 (D. Colo. Apr. 3, 2008).

"Sanctions for civil contempt may only be employed for either or both of two distinct remedial purposes: (1) to compel or coerce obedience to a court order . . .; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance[.]" *O'Conner v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (citation and internal quotation marks omitted).[2]  Plaintiff here seeks coercive contempt sanctions, which "look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order." *Latrobe Steel Co. v. United Steelworkers*, 545 F.2d 1336, 1344 (3rd Cir. 1976).[3]  Specifically, plaintiff asks that defendants be fined $2,500 per day until such time as they cease using the allegedly confusingly similar mark. *See O'Connor*, 972 F.2d at 1211; *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986).

A finding of civil contempt is proper where (1) a valid court order existed; (2) the respondent had knowledge of that order; and (3) the respondent disobeyed that order. *FTC v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004).  The moving party is

---

[2]  Although Federal Rule of Criminal Procedure governs motions for criminal contempt, there is no corresponding procedural rule applicable to civil contempts. *Home Design Services, Inc.*, 2008 WL 927683 at *4.

[3]  By contrast, compensatory sanctions seek to "compensate the complainant through the payment of money for damages caused by past acts of disobedience." *Latrobe Steel*, 545 F.2d at 1344. Plaintiff here does not seek compensatory sanctions.

required to establish a prima facie case of contempt by demonstrating that certain conduct was required by a previous court order and that the alleged contemnor failed to comply with that order.  *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984). The alleged contemnor is entitled to notice and a hearing on the issues raised by and inherent to the motion for contempt.

> A person charged with civil contempt is entitled to a show cause hearing, to be represented by counsel, to be given adequate notice, and to have an opportunity to be heard.  A civil contempt proceeding, which may lead to a penalty, is a trial rather than a hearing on a motion. Testimony is by way of live witnesses and not by affidavit.  A civil contempt proceeding is conducted in accordance with the Federal Rules of Evidence.  [The alleged contemnor] and [its] attorney must be accorded a reasonable period of time in which to prepare a defense.  Civil contempt must be established by clear and convincing evidence.

*Home Design Services, Inc.*, 2008 WL 927683 at *4 (internal citations omitted).

Accordingly, the court will set this matter for evidentiary hearing at a reasonable time in advance to allow defendants to prepare and to respond to the allegations brought against them.

**THEREFORE, IT IS ORDERED** that the court **SHALL CONDUCT** an evidentiary hearing on **Plaintiff's Motion for Contempt** [#24], filed April 10, 2014, on **Friday, July 18, 2014**, commencing at **1:30 p.m. MDT**, reserving the remainder of the afternoon, if necessary.

Dated May 20, 2014, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

3